Burton, J.,
delivered the opinion of the court.
Three several cases are submitted to us together, each being a motion against Carlton as delinquent tax-collector of Weakley county, for failure to pay over a balance of revenue for the years 1867, 1868, and 1869, respectively. His Honor, the Circuit Judge, rendered judgment against the plaintiff in error and his securities, and he has appealed to this court. Several errors are assigned here, the principal of which we will proceed to notice in their order:
1. It is said that the notice' and the motion are *18 both insufficient and uncertain — in this, that it does not appear whether the Attorney General moves or the State of Tennessee moves for judgment. The caption, both of the notice and the motion, is properly entitled the “State of Tennessee v. Wade H. Carlton, etc., but the motion proceeds:. “This day comes John P. Dunlap, Attorney General, etc., and moves for judgment, etc.” It is argued, and correctly, too, that properly the motion should have been made in the name of the' State on behalf of the State. But we do not concede that the motion should have been dismissed for this defect. The defendant appeared and entered a general motion to dismiss without pointing out this defect, or any other particular cause of dismissal. In one case, the motion to dismiss was' denied; and in the others, no action of the court was had. But, at all events, the defendant appeared, and the. causes were continued from term to term — sometimes by consent, and at others upon his application — until the October Term, 1872, of the Circuit Court, when judgments, strictly regular, were entered against him and his securities. We think that this motion is not fatally defective; the law gives' the motion to the party aggrieved, which is the State of Tennessee; and we think that to 'complete the sense and meaning of the motion, we may supply the unimportant phrase, “on behalf of the State of Tennessee.” Besides this, it is enacted by the Code, 670, “for any neglect or refusal to settle his accounts, the Comptroller and Chairman or Judge of the County-Court shall proceed against the collector and his sureties by motion, *19 which shall not be abated, quashed, or delayed by any want of form or informality in prosecuting the same.” We think that, under this provision, the strictly technical objections, which even this court has allowed to prevail in summary motions generally, are not allowable; but that it is our duty to carry out the plain requirement 'of the Legislature by treating this objection as one of form.
2. The next objection is to the action of the eourt in admitting as evidence the statement of the Comptroller over the objection of defendant. This objection was made in general terms, without pointing out specifically the ground of objection. But, in argument, it is urged here that the statement should not have been received, for the reason that it was not given under the official seal of the officer.
In Ingram v. Smith, 1 Head, 418, objection to reading a paper was that it was not “ authenticated according to law,” and because it had not been filed in time. The Chancellor in that case overruled the objections, and was sustained by this Court, W. F. Cooper, Special Judge, saying: “It has been repeatedly held that the objections made to the reading of evidence, and exhibits in the court below must be clear and specific; and this, for the obvious reason that the opposite party may have the opportunity of curing defect, if it be one, and not be taken by surprise, when that opportunity can no longer be had. It had been repeatedly held by this court that objections to evidence must be specific.” The case from which we have above quoted was a chancery cause, *20 but we think the rule and the reason of the rule quite as applicable to trials at law. And we therefore conclude that if defendant wished to avail himself of the specific objection now insisted on, he should have shown by his bill of exceptions that it was taken in the court below.
3. The bill of exceptions ’further shows that the defendant offered to read some receipts from the Treasurer of the State, showing some payments of the amount specified in the Comptroller’s statement, and also offered to read the tax-book delivered to the defendant by the clerk of the County Court for the several years. This evidence was excluded, and it is argued here that the effect of this ruling was to make this statement of the Comptroller conclusive upon the defendant, while the statute makes his statement of the amount due from any deliquent merely prima faeie evidence of such amount.
It will be observed in these several records that the Comptroller, in accordance with the statute, merely certifies the amount of uncollected revenue justly due the State. Now, it is obvious that the production of some receipts, showing some payments would not contradict, or tend to contradict, the statement of the Comptroller that a balance was due, because from aught that appears the receipts may have been credited to the collector by the Comptroller, leaving the specified balance still due. The tax-books offered in evidence, together with the receipts, might have shown payments made subsequent to the date of the Comptroller’s statement; but, as already observed, the bill *21 of exceptions neither shows the dates or the amounts of the receipts offered in evidence, and, as already shown, unless they were subsequent to the date of the Comptroller’s certificate, they would not contradict it. It is the duty of the appellant, when he seeks to put the Circuit Court in error, to point out the •error committed distinctly.
This is not done in the present case. The motions were tried by the court without the intervention of a jury, and we are bound to assume that the court considered all the relevant evidence offered, unless the contrary' distinctly appears from the bill of exceptions. The judgments in this case assume the existence of all the facts necessary to give the courts jurisdiction of the motions, and are regular in every respect. It is stated in the- bill of exceptions that the evidence offered by the defendant was excluded. This phrase of course ordinarily implies in a bill of exceptions that the evidence was excluded from the jury; but the facts here being tried by the court, we must infer that his Honor - looked to the receipts, and tax-books when offered before him. It is said in argument, to be sure, that his Honor excluded the evidence on the ground that. the Comptroller’s statement was conclusive. This nowhere appears, however, in the record, and, for aught that we can see, no evidence was submitted to the court to overturn the prima facie case made out by the Comptroller’s statement. If the plaintiff in error had incorporated in this bill of exceptions receipts or any other evidence showing specifically payments necessarily contradicting *22 the statement of the Comptroller of the balance due from him, we would have considered whether it displaced the prima facie case made by that statement. But we will not guess or presume that his Honor, the Circuit Judge, came to an erroneous conclusion in the absence of the testimony, that it is supposed in argument here, rendered his judgment erroneous. We can discover no error in the action of his Honor in-directing the several judgments to be entered against the defendant, and the same are therefore affirmed.